Our next case is Rorie v. Collins, 25-1194. Counselor Alsop, you have reserved five minutes of time for rebuttal. Is that okay? We're ready when you are. We're ready when you are. May it please the Court, Tracy Alsop for Mr. James Rorie. Mr. Rorie is entitled to interpretation of 38 CFR 3.157B, 1985, under the Kaiser framework. The Veterans Court committed error of law by misinterpreting the 1985 regulation and refusing to apply Supreme Court precedent in Kaiser to appropriately interpret the regulation. The appropriate interpretation of 3.157B is a matter of first impression before this Court. This Court conducts de novo review and is not bound by the Veterans Court decision nor the previous Veterans Court decision in Pacheco. The Veterans Court should have reviewed any interpretation under the Kaiser framework, but it did not. Justice Kagan made clear in Kaiser. Can you just talk about the specifics of this case? Not this overall principle. We understand all of that. And frankly, none of it really matters because we're not bound by Pacheco, so we can interpret the regulation de novo ourselves. But the Veterans Court found that you had originally raised your claim that a medical document should be considered an informal claim in connection with the argument that his claim was disallowed. And then in supplemental briefing, you said, well, we're changing it because clearly the disallowed doesn't work, to allowed. And the Veterans Court said you'd waive that argument because you didn't raise it in your briefs. And isn't the Veterans Court's decision that you waived an argument, an application of law, the fact that we can't review? No, I disagree, Your Honor. It's Mr. Roy's position. This Court reviews the meaning of 1985's de novo. I understand that. We could review the meaning of the regulation, but not if you waive the argument that you're presenting, asking us to interpret that regulation in the context of. And you're still arguing that this regulation should have allowed this as an informal claim because his other claim was allowed. And that's the argument the Veterans Court found you'd waived, right? No, that isn't. They said. Wait, no, no, no.  I don't understand what your no argument is. The Veterans Court found you waived the argument with regard to allowed, right? That's not my understanding. I mean, we can look at the decision. I don't want to have to quibble with you about what the decision said. You clearly changed your arguments between your opening and reply brief and your supplemental brief. And I think it went from disallowed to allowed. And they said, we're not going to address the allowed portion because it's only in your supplemental brief. Is that not correct? No, what I argue. OK, show me in the Veterans Court opinion where that's not what they said.  They say in the Veterans Court opinion that this regulation, that they didn't even consider the regulation because Pacheco applied. I mean, that was their holding in this thing. So they didn't get into the meaning of the 1985 regulation at any. About waiver. Did the Veterans Court say anything about waiver? Well, they did, Your Honor. But I. What did they say about? What did they say that you waived? Well, to this day, Your Honor, I'm not really sure what I supposedly waived. But what they were trying to say is that something that I suggested in my supplemental briefing was not before the court in the opening brief. However, they didn't get into the interpretation of 1985 at all. Because they didn't need to. There are two prongs under this regulation that a medical report can support an informal claim. One is when the claim is disallowed, which was your original theory. And one when the claim was allowed, which was your new theory. And you switch theories, and they said, well, we're not going to consider the new theory. So they don't need to interpret the regulation. Even if this court is going to look at it like that, the point of the matter is that Mr. Rory brought a single disability claim in 1970 for a bilateral foot condition. He brought a 1970 claim for bilateral foot condition. He continued to appeal that. That was initially granted in October 1970 in the rating decision. And they assigned a non-compensable rating initially. And he continued to appeal that. Mr. Rory is not responsible for knowing the precise diagnoses of whether his foot condition is pes planus, or tidiapetus, or whatever the precise medical terminology is. There was one claim initially. It was a bilateral foot claim that the VA themselves took apart. His claim is a single claim. But that's because it can be allowed under two different theories. And you have to argue which theory it's under. Was he represented at the Veterans Court? He was represented at the Veterans Court, but he wasn't represented before the VA. Well, who made the argument to the Veterans Court in the briefs that you're originally going under the disallowed theory, and then you switch to the allowed theory under the supplemental brief? Those are two different arguments, aren't they? I'm not so sure that they are, since this sprang from initially a bilateral foot claim. There was a bilateral foot claim that was granted. And then because there was more than one diagnosis, the VA characterized it as two separate claims. But for a long period in the 70s, it was one claim. If the Veterans Court found that you waived the argument that his claim was allowed, I didn't see any argument in your briefs to us challenging that waiver finding. Is that correct? Well, I did respond in my reply brief that what the holding note was of the court was that the Pacheco regulation applied. And we are here today, de novo, to determine what that regulation means. And that was my response in the reply brief. If the Veterans Court found that your original claim in the Veterans Court was that this claim was denied, and then you belatedly changed it to this claim was allowed, if the Veterans Court said you waived that latter articulation, I don't think you're asking us to review the Veterans Court finding of waiver. If you are, I didn't see that in your briefs. I see what you're saying. Well, I'm asking this court to interpret, de novo, the meaning of the regulation. I mean, again, this was initially a bilateral foot claim in October 1970 that was found to be service-connected and a 0% rating. And the VA, although it's a bit of a fiction that they are trying now to say that they have a history of disallowing and are denying and providing non-compensable, in fact, in 1993, the Secretary specifically said it has been our consistent practice that when VA's consistent practice to assign a 0% evaluation whenever the condition does not meet the state of minimum requirements for compensable evaluation. And in fact, in this case, that's what happened. Again, in this case, there was a 0% rating initially found non-compensable in October 1970, because this was originally a bilateral foot claim that VA then, because there were more than one diagnosis, broke apart. I think the problem I'm struggling with is you may have even a meritorious argument on the merits of the regulation that you're concerned about. But your client may not have standing to raise it if he waived his ability to press it. Well, if you're saying that what I argued in my opening brief was that he gets it under the disallowed theory, then that's what happened in October 1970. It was a bilateral foot claim. The VA disallowed and assigned a non-compensable rating. Then this would be a claim to reopen his bilateral foot claim. Because it was disallowed. But that's not the argument you're pressing to us. You're pressing that his bilateral foot claim was allowed, and therefore, whatever medical report we're talking about should be an informal claim for increase on that. Those are two different arguments. Why did you switch from disallowed to allowed? Because they broke apart through the, they broke apart the. Because you weren't going to win on the disallowed argument. No, I don't think that's true. Well, I'm. But if it wasn't, then you should be making that to us today. You didn't make that argument in your brief. Well, the argument I made in my brief is that if he meets the first prong of either one of the disallowed or the allowed, then the exam report can be a claim to reopen or an increased rating. It could be either. Either of the or's are two junk. Make that argument to the Veterans Court. What? I'm sorry. You didn't make that argument to the Veterans Court. You made the disallowed argument in your main briefs. Then you switched to the allowed, and the Veterans Court said that's too late. You waived that argument. And you certainly didn't make the argument that if he meets either of the prongs, and you don't have to say which one, that it can count. Well, you just said I didn't make it to you, Your Honor. But I did. My meaning in- No, you did not make that dual thing, that it doesn't matter whether it's disallowed or allowed to the Veterans Court or to us. Today, before us, in your supplemental brief, you're relying on the allowed prong. Well, I don't think it matters, because it was all one claim originally. Well, sure it does, because there's two different prongs that have different requirements over when a medical record can constitute an informal claim. It appears my time is up. But again, Mr. Roy was a pro se veteran in the 1980s. At that time- You didn't talk about him being pro se, but you represented him at the Veterans Court. So he's bound by what you did at the Veterans Court. Right, but we're talking about what happened in the 1980s and what the meaning of the reg was in the 1980s. And he did provide a- he tried to appeal everything he could. And that's how we're going to interpret the reg is based on the 1980s. And originally, this was one claim, that the VA broke apart, and now they're going to take advantage of this poor veteran and tell him that he doesn't win because of how they characterized a single claim. And if you don't have any more questions, it appears I'm out of time. You still have four minutes of rebuttal time, OK? Counselor Weiser? Wisser. Wisser. Good morning, and may it please the Court. Before reaching the merits, there are obviously two threshold issues we identified in the briefs the Court has discussed. The waiver issue, that the argument for interpretation and application of the regulation to Mr. Rory's case that he is pressing on appeal before this Court is the same one that the Veterans Court said was waived, because it was only presented for the first time in the supplemental briefing. If that's true, then we don't have jurisdiction over that, right? Because that's just an application of law to fact. That's correct, Your Honor. Whether he had properly raised an argument. That is correct, Your Honor. That we should dismiss. You should dismiss or potentially affirm. If you believe there is a pure legal issue about waiver, you can affirm on the grounds that waiver was appropriately granted or appropriately held. But I believe dismissal would be the appropriate resolution. From that, does Mr. Rory have standing? No, Your Honor. So that's the second threshold difficulty here. Mr. Rory, in this appeal, is arguing for moving his effective date back from 1988 to 1985 for a 0% non-compensable rating for the fungal infection on his foot. As we explained, he has other compensable ratings in that same time period. So there's no additional benefit. Seeking an earlier service connection date for a 0% compensable disability rating. That is correct. And as we pointed out, there are some scenarios where that could have material impact. You can combine multiple non-compensable ratings to get some benefit. But that doesn't apply here, because he's already receiving benefits dating, I believe, all the way back to 1970 for certain conditions. In any event, it would be his burden to establish what the injury is. That is correct. He would need to articulate what precise benefit he might obtain, which he has not done so in the briefing here. We put in some 28-J letters, both parties, just before argument to update the court on subsequent events occurring at the Veterans Court and before the board. The end result of those is how we read the other issues related to his feet condition. It's all starting from 1988, which is the same starting date we're working from here as his non-compensable rating. There's nothing at issue pre-1988. So our point is there is no tangible harm or benefit that Mr. Rory could be compensated for. There's no scenario, foreseeable or reasonable scenario, even though he has a 0% rate, that that can convert somehow or be impacted into a concrete injury? No, Your Honor. And as we pointed out in our briefing, it's section 3.324 of the regulations, which discuss ways in which 0% ratings can entitle veterans to benefits. But those require either a combination of non-compensable ratings, which is an issue here, and it also does not apply when there is an existing compensable rating. It just takes it out of that framework altogether. Unless the court has any other questions, we will ask for dismissal. OK, we thank you. Yes. Counselor Olson, if you have four minutes of rebuttal. Thank you, Your Honor. So as far as the compensable rating, that's still pending at the board. It was remanded back from the Veterans Court. And there are older diagnostic codes that haven't yet to be considered by the Department of Veterans Affairs that deal with and used to be rated under eczema. And so Mr. Rory is fully intent to get the 10-year penalty. The earlier effective date that you're looking for. What would change?  The VA would have to look at 1985 rating criteria and see if he meets. How does that impact the zero rate that he already has? Well, because there's an eczema. And with continual itching, you can get a 30% rating in the 1980s with continual itching. And what's happened is he had to fight so many years to get that 1988 effective date. He finally gets it, and the board failed to consider the earlier diagnostic codes. And that was one of the reasons that it was remanded back to the Veterans Court. I mean, remanded from the Veterans Court to the Board of Veterans Appeals. So he can get a compensable rating. If the VA just has not looked at the older rating criteria to date. Where in your brief do we find this argument? Well, Your Honor, it is the appellant's understanding that this court has reviewed effective dates and service connection claims before. The Veterans Court does a volume of service connection and effective dates. So what's Secretary Zardin? But we're also an Article III court, which suggests when the government puts Article III standing in play, you have to come up, and it's your burden, to come up with concrete evidence of a material injury in fact that establishes standing. And so in your reply brief, I don't expect it to be in the blue brief, but in your reply brief, where did you say this is the material injury that was caused by not giving me an earlier effective date? You just spun out a lot of speculative hypotheticals, but I don't know if that's good enough for standing. Well, it would cause this court to make a rating perspective before the VA has first considered what the 1985-1988 criteria. What did you say, to make a rating what? Well, the VA has to go back and look at the rating criteria and make a decision. And so because this court doesn't make factual determinations. But that's a change to the rating amount. What you're talking about here is an earlier effective date for the 0%. Those are two different claims. Well, right. But he's still arguing over the correct rating. That's still pending. And so when he gets a 0% That sounds like you might have standing in those cases, but I don't understand how an earlier effective date for a 0% gives you standing here. Well, because when you get an earlier effective date, there is a new rating decision that is kicked out. And they have to determine the correct rating for that date. The rating criteria changes all the time over periods of time. And so I guess what I don't understand from the secretary's brief is then no effective date or entitlement to service connection could ever be decided by this court until the veteran proves that that ultimate mental illness or that ultimate disability of care. Sure, because most often the effective dates are for compensable ratings. So clearly, if you're saying, well, I got a 60% compensable rating, and I want it to go back three years, that's three years worth of money. You're asking us here to take a non-compensable 0% rating from 1988 to 1985, which gets you $0. Well, it doesn't necessarily get us $0, because they have to kick out a new rating decision and determine what the rating criteria was in 1985, not 2024. But in any event, that would be the same argument for a service connection case. How would this court ever consider a service connection case without the veteran first having to prove that it would be worth some compensable rating? OK, do you want to conclude? That's all I have, Your Honor. Thank you. This case will now be taken under submission.